Harold J. MARTIN, Appellant,

v.

IOWA NATURAL RESOURCES COUNCIL, Appellee.

No. 67957.

Supreme Court of Iowa.

March 16, 1983.

Allan C. Orsborn of Barnes & Orsborn, P.C., Ottumwa, for appellant.

Thomas J. Miller, Atty. Gen., and Elizabeth M. Osenbaugh, Asst. Atty. Gen., for appellee.

Considered by LeGRAND,* P.J., and HARRIS, McCORMICK, McGIVERIN, and CARTER, JJ.

CARTER, Justice.

Petitioner appeals from the district court decision on judicial review affirming the respondent agency's conditional grant of his after-the-fact application for permission to construct an agricultural levee. The case arises from petitioner's act in placing a levee on the South Skunk River without obtaining prior approval of the Iowa Natural Resources Council as required by Iowa Code section 455A.33(3) (1981).

After discovering the existence of the unpermitted levee system, the agency required petitioner to submit a permit application with "as-built" engineering plans showing the location and dimensions of the levee construction. The documents submitted show a U-shaped levee system was built by petitioner in three segments—a north-south flank levee perpendicular to the river at the downstream end of petitioner's property, an east-west levee running roughly parallel to the river at a distance ranging from 200 feet at the downstream end to 300 feet upstream, and an upstream flank levee consisting of a dirt embankment called a "spoil bank" running north from the river at the upstream end. The agency reviewed the engineering data submitted by petitioner and then calculated the floodway necessary to carry the flood which would be restricted by the levee. These calculations indicated that 1600 feet would be the minimum floodway needed to convey the flood-

* Senior Judge.

waters which would be restricted between a levee of this height and the opposite natural restriction. Based upon the engineering data submitted by its staff, the agency found following a contested case hearing that the existing levee violated the rules governing establishment of encroachment limits. The agency agreed, however, to grant after-the-fact approval for the levee construction if certain conditions were met by petitioner. These conditions required re-alignment of the parallel levee to provide an 800-foot offset at the upstream end, tapering to the existing 200-foot offset at the downstream end. Also required as a condition for the approval of the levee system was the removal of all portions of the existing levee and spoil bank riverward of the line set in condition one.

The petitioner filed a petition for judicial review in the district court challenging the agency determination on several grounds, all of which were rejected. This appeal followed. We separately consider the several contentions advanced by the petitioner.

I. *Scope of Review.*

In reviewing a decision in a contested case before an administrative agency, our standard of review is as follows:

[W]hen this court reviews a decision of a district court rendered pursuant to section 17A.19, the sole question is whether the district court correctly applied the law. In order to make that determination, this court applies the standards of section 17A.19(8) to the agency action to determine whether this court's conclusions are the same as those of the district court.

*Jackson County Public Hospital v. Public Employment Relations Board,* 280 N.W.2d 426, 429–30 (Iowa 1979). In the present case, those standards of section 17A.19(8) which are applicable restrict corrections of agency action to those situations where such action is:

 a. In violation of constitutional or statutory provisions;

 b. In excess of the statutory authority of the agency;

 c. In violation of an agency rule;

 d. Made upon unlawful procedure;

 e. Affected by other error of law;

 f. In a contested case, unsupported by substantial evidence in the record made before the agency when that record is viewed as a whole; or

 g. Unreasonable, arbitrary or capricious or characterized by an abuse of discretion or a clearly unwarranted exercise of discretion.

II. *Application of Iowa Code Section 455A.33.*

Petitioner's first challenge to the administrative action of which he complains involves the application of Iowa Code section 455A.33 (1981). He asserts that the remedies available to the agency under that statute do not permit the action which was taken in the present case. The principal argument thus advanced is that section 455A.33 does not permit abatement of existing structures except by action in equity commenced within one year of the cessation of construction or by condemnation proceedings.

■ Most of petitioner's contentions involving the application of section 455A.33 seem to conflict with our recent holding in *Easter Lake Estates, Inc. v. Iowa Natural Resources Council,* 328 N.W.2d 906, 909 (Iowa 1982). There is, however, a more fundamental reason why his arguments must be rejected. Contrary to the position argued by petitioner, the agency has not yet acted so as to order abatement of either the levee constructed in 1976–1977, or the pre-1948 spoil bank. Partial abatement of these structures was made the subject of the agency's order only by way of conditions imposed for after-the-fact approval of the operation and maintenance of a levee which had been constructed by petitioner without first securing a permit as required by law. What action, if any, will be taken by the agency if the conditions for approval of the levee are not satisfied has not been determined. It would therefore be premature for us to decide the scope of remedies

which might be available should that situation arise.

Section 455A.33(3) confers statutory authority on the agency in granting permit approvals to impose "such conditions and terms as the director or council may prescribe." We hereafter conclude in our discussion of other arguments made by petitioner that the conditions imposed by the agency for granting a permit for petitioner's levee construction were validly related to agency rules governing the location of encroachment limits. As such, the conditions are not subject to attack on the grounds urged by petitioner.

### III. *Application of Agency Rules.*

■ We next consider petitioner's contention that the agency improperly found that his levee construction in its existing form is in violation of agency rules governing encroachment limits. Iowa Administrative Code section 580–5.53(1)(c) provides:

The location and alignment of agricultural levees or dikes shall be compatible with existing encroachment limits so that minimum flood protection levels will not be increased and said levee or dike alignment otherwise shall be consistent with the rules governing the location of encroachment limits set out in 4.3(455A) of these rules.

Petitioner argues that the foregoing agency rule precludes regulation of agricultural levees based on criteria other than existing encroachment limits. He claims that the agency order in the present case is based on factors which have significance only with respect to encroachment limits to be established in the future. Our reading of section 580–5.53(1)(c) suggests that this regulation requires agricultural levees to be compatible with existing encroachment limits and also to be consistent with rules governing location of encroachment limits which might be established in the future. We find substantial evidence in the present record to sustain the agency's finding that the levee as presently constructed by petitioner would conflict with establishment by the agency of encroachment limits required to

efficiently convey the fifteen-year frequency flood. In this regard, we conclude that the agency finding was properly related to that portion of the channel and floodplain adjoining the channel which is reasonably required to carry and discharge the flood flow of the river. *See* Iowa Code section 455A.1 (1981) (statutory definition of floodway and floodplains). The agency's decision does not conflict with its own regulations or with applicable statutes in the particulars urged by petitioner.

### IV. *Effect of Pre-Statutory Spoil Bank on Encroachment Limits.*

Finally, we consider petitioner's argument that the engineering calculations of the staff of the Iowa Natural Resources Council which were the primary bases for the agency findings, were induced by misapplication of legal principles. Specifically, it is urged that in calculating the flow convergence for purposes of determining encroachment limits, the agency staff improperly assumed that petitioner had no legal right to maintain the pre-1948 spoil bank as presently constructed. Petitioner argues that his right to maintain this structure is not adversely affected by the regulatory legislation subsequently enacted.

■ As we have previously indicated, there is no viable issue in the present case concerning the agency's right to order abatement of either the spoil bank or the levee except as a condition for granting an after-the-fact application for approval of the levee. We uphold the authority of the agency to impose such conditions under section 455A.33(3) on the basis that such conditions are reasonably related to floodway encroachment limits which it is the agency's duty to establish and police. We do not find it necessary to determine in the present case whether, as petitioner suggests, he has a legal right to permanently maintain the pre-1948 spoil bank. It is nowhere made to appear by way of evidence presented by petitioner or otherwise that the agency findings are significantly affected by the extent of petitioner's right of permanent maintenance. The engineer-

ing calculations upon which the critical agency findings are based do purport to consider and make some allowance for the continuing hydraulic effects of the spoil bank. Moreover, to the extent the agency staff report indicates eventual removal of the spoil bank, this conclusion is based on factual grounds as well as legal grounds. The engineering report notes that the spoil banks may be washed out by floods. The ultimate findings of the agency have therefore not been demonstrated to be based on an erroneous assumption. We have considered the record as a whole and conclude such findings are supported by substantial evidence, are not induced by improper application of the law, and that agency action in the present case is not unreasonable, arbitrary or capricious. The order of the district court upholding the agency action is affirmed.

AFFIRMED.